This is a civil action, brought by Carl Heater, by his next friend, Mrs. Effie Heater, against defendant Carolina Power and Light Company for actionable negligence, alleging damage.
Facts: The defendant operated and maintained a street-lighting system in the town of Cary, North Carolina, and as a part thereof maintained a street light at the intersection of Harrison Street and the Durham highway (State Highway No. 10, U.S. No. 70), in which was used a large glass electric light bulb, cylindrical in shape.
On or about 1 May, 1933, the light bulb at the aforesaid intersection of Harrison Street and the Durham Highway became burned out or otherwise defective, and was by the defendant removed and replaced by a new one, and the defendant left the old bulb lying on the side of the street and highway, near the intersection, in view of and accessible to passersby; and shortly thereafter it was picked up by a young child and was by him carried to a nearby yard and broken while he was playing with it.
Shortly thereafter the plaintiff, a boy about 14 years old, was playing with some other small boys in the yard where the light bulb had been broken, and came into contact with the pieces of sharp, curved glass and as a result his left foot was seriously, painfully, and permanently injured. *Page 89 
The said light bulb was made of thin, brittle, and very fragile glass, and was so constructed that it was very easily broken, leaving pieces of sharp, curved, and dangerous glass.
The plaintiff alleged: "That shortly thereafter the plaintiff, knowing nothing of the aforesaid occurrence, was playing with some other small boys in the yard where the said bulb had been broken, and, without fault on his part but by reason of defendant's negligence, came into contact with the pieces of sharp, curved, and dangerous glass from the aforesaid broken light bulb and suffered a serious, painful, and permanent cut and injury on his left foot. That the aforesaid injuries of the plaintiff were directly and proximately caused by the negligence of the defendant in the following particulars, among others, to wit:
"(a) In that the defendant failed to use proper care to dispose of the used light bulb which was removed from the light fixture at the said intersection of Harrison Street and the Durham highway.
"(b) In that the defendant left the said used light bulb, or caused or permitted the same to be left, where it was available to small children, and attractive to them.
"(c) In that the defendant permitted the said light bulb, although of an inherently dangerous nature, to be broken, and the sharp, curved, and dangerous pieces thereof to be left without warning in a place where small boys were accustomed to play and did play, and where this plaintiff did play, and where the plaintiff, while so playing, would and did come in contact with and was cut by the same.
"(d) In that the defendant, with reckless disregard for the safety of the public (including this plaintiff), failed to take such bulb and break and dispose of it in such manner and place as to reasonably protect the public (including this plaintiff) from being injured thereby.
"(e) In that the defendant negligently, carelessly, wrongfully, and recklessly permitted the said inherently dangerous instrumentality to become broken and the pieces thereof to be left where this plaintiff came into contact with the same, and was thereby seriously, painfully, and permanently injured."
The defendant denied the material allegations of the complaint, denied that it was guilty of negligence and set up the plea of contributory negligence.
The judgment of the court below is as follows: "This cause coming on to be heard before his Honor, M. V. Barnhill, judge presiding, and a jury, at this the Second February Term, 1936; after the reading of the pleadings the defendant demurred ore tenus to dismiss the action upon the ground that the complaint failed to set up facts sufficient to constitute a cause of action; and, after hearing argument of counsel, the court being of the opinion that said demurrer ore tenus should be sustained: *Page 90 
Now, therefore, upon motion of Messrs. MacLean, Pou Emanuel, counsel for the defendant, it is ordered and adjudged that defendant's said demurrerore tenus be and hereby is sustained, and this action is dismissed. M. V. Barnhill, Judge presiding."
The plaintiff excepted, assigned error to the ruling of the court and to the judgment as signed sustaining the demurrer and dismissing the action, and appealed to the Supreme Court.
The defendant demurred ore tenus to the complaint on the ground that "The complaint does not state facts sufficient to constitute a cause of action." N.C. Code, 1935 (Michie), sec. 511 (6). The court below sustained the demurrer of defendant and dismissed the action. In this we see no error.
The allegations of plaintiff that the bulb was "inherently dangerous" does not make it so. The bulb was described and the description does not make it inherently dangerous. It is not like gunpowder, gasoline, dynamite, uninsulated electric wires, etc. These discarded electric bulbs are in the homes of every user of electric lights. Suppose a neighbor's young child comes into a home and picks up a discarded bulb, takes it into the yard of another and breaks it, and a 14-year-old boy cuts his foot on it. Is it possible that there would be any liability to the owner of the home from which the bulb came? We think not. Although defendant is a corporation, the principle is the same. If the defendant had been negligent, its negligence was not the proximate cause of the injury. Lineberry v. R. R., 187 N.C. 786;Stephens v. Lumber Co., 191 N.C. 23.
The judgment of the court below is
Affirmed.